## Nellie Carlin, Administratrix, Appellee, v. Wallace G. Clark, Appellant.

### Gen. No. 17,062.

1. APPEAL AND ERROR—*objections below for review.* Where in an action for the death of a boy struck by an automobile there was no objection to testimony as to the deceased's habits, the admissibility of such testimony is not open to review.

2. DEATH—*evidence of contributory negligence.* In an action for the death of a boy struck by an automobile, evidence *held* to show that the deceased was not in the exercise of ordinary care for his own safety at the time of the accident.

Appeal from the Superior Court of Chicago; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded Opinion filed October 1, 1912.

GEORGE H. WHITE, for appellant.

RICHARD J. FINN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee, as administratrix of the estate of Joseph Herlihy, deceased, recovered a judgment for $3,000 in the Superior Court of Cook county, for damages resulting to the next of kin from the death of plaintiff's intestate. The case was tried on one count, which, in substance, alleged that defendant negligently drove and operated an automobile at such a great rate of speed that it ran into and against plaintiff's intestate, who was instantly killed.

Appellant, with his wife, was driving an automobile north on Wentworth avenue on the east side of the street between the curb and the east rail of the street car tracks. When they reached a point about midway between Fifty-fifth and Fifty-seventh streets, the auto-

mobile struck plaintiff's intestate, a boy about thirteen years old, killing him instantly.

Wentworth avenue is a north and south street in the city of Chicago, fifty feet wide between the curbs, with a double street car track on it. There is no cross street between Fifty-fifth and Fifty-seventh streets. About half way between these streets and fronting west was a place called Jacob's restaurant, at 5625 Wentworth avenue. The next lot north of Jacob's restaurant was vacant, and fifty feet in width; a seven-foot cement sidewalk and a grass space to the curb fronted this lot. Between the street curb and the east rail of the north-bound street car track is a space of nine or ten feet. The accident occurred in this space, opposite the restaurant.

In a building in the rear of Jacob's restaurant was a boys' club, and in going to their homes from this club on the evening in question, deceased and one of his fellow members ran through the vacant lot and out on Wentworth avenue. It appears that deceased crossed the sidewalk and walked or ran into the street in a southwesterly direction, where he collided with appellant's automobile, while his companion went directly south on the sidewalk.

Appellant's machine was a four-cylinder "Royal Tourist" touring car, seating seven people, equipped with two very large bull's-eye acetylene gas lamps in front of the car inside the front wheels, two kerosene oil lamps on the dashboard and one kerosene lamp in the rear. It was furnished also with two emergency brakes on the hubs of the rear wheels, and a band brake on the shaft. The lights were all burning brightly at the time of the accident. The glass of the east or right-hand acetylene lamp was broken by the collision with the deceased. The accident occurred at about eight o'clock in the evening of September 23, 1907. It was raining, with considerable wind.

Upon the question of liability, appellant contends that he was not proven guilty of the negligence

charged against him, and that the accident was entirely due to a failure on the part of the deceased to exercise ordinary care for his safety, in that he suddenly ran out of a vacant lot and across the sidewalk in a southwesterly direction into Wentworth avenue at a point where there was no regular crossing, and plunged into appellant's brilliantly lighted automobile.

The declaration avers, as it is necessary it should, that plaintiff's intestate was in the exercise of ordinary care for one of his years and discretion for his own safety and welfare. The plaintiff, upon the theory that there were no eyewitnesses to the accident, introduced evidence tending to show that the deceased was a careful and cautious boy with good eyesight and hearing, for the purpose of making the best proof possible under the circumstances that the deceased was in the exercise of ordinary care for his own safety and welfare for one of his years and discretion. The testimony of Ryan, Kroell and Mrs. Josephine Herlihy, the mother of the deceased, was received upon that question.

At the close of the plaintiff's evidence and again at the close of all the evidence in the case, appellant interposed a motion on the trial to direct a verdict of not guilty. That motion raised a question of law as to the sufficiency of the evidence favorable to the plaintiff to sustain a verdict in her favor, and error is assigned in this court upon the denial of the motions by the court below. The question is presented whether the verdict of the jury is against the weight of the evidence on the question of the exercise of ordinary care by the deceased at the time of the accident. This evidence as to the habits of deceased was offered and received without objection on the part of appellant as to its admissibility under the facts and circumstances shown by the record. The question, therefore, as to the admissibility of this evidence is not before us for review, as it was not saved by proper objection. The question,

however, as to whether the evidence so offered is sufficient to overcome the presumption or inference arising from the testimony on behalf of the plaintiff that the deceased was in the exercise of ordinary care for his own safety at the time of the accident, is before us.

The witness Anna Sundwall testified that she was walking south on the east side of Wentworth avenue and, when in front of the house north of the vacant lot, saw Joseph Herlihy, the deceased, coming out of the vacant lot and walk up on the sidewalk in a southwesterly direction; she, at the same time, saw the appellant's car. She did not see the deceased step off the sidewalk and into the roadway of the street. For some reason she did not see the deceased again until after he was struck by the automobile.

Mark McQuinston testified that he was playing with the deceased in the boys' club in the rear of Jacob's restaurant, and that the deceased and the witness started home at the same time; that the deceased was about ten feet ahead of the witness, and it was dark and rainy; that they ran through the vacant lot north of Jacob's restaurant, and, when the deceased came to the sidewalk, they parted, and the deceased continued across the sidewalk in a southwesterly direction, and that he was running fast when the witness saw him last. The witness continued directly south upon the sidewalk; he did not see the automobile strike the deceased, but he glanced to the right as he was going along the sidewalk and saw the rear wheels of the automobile go over the deceased.

The witness Maria Eichler testified that she alighted from a south-bound car a short distance north of Jacob's restaurant, and after the car started up again, she, intending to cross the street, looked south to see that the north-bound car track was clear, started across the street toward her home, and saw the automobile coming toward her, and saw it strike something, but she did not know at the moment what it struck; she

was some thirty or forty feet northwest of the automobile at that time; she ran over to the automobile and found that the car had struck the deceased, and saw that the deceased was lying back of the car, and that the automobile had run about its length and five or six feet more from where the deceased was lying.

Upon consideration of this testimony, it clearly appears that the lights on the car were burning brightly, or sufficiently so that they could be seen, and that the deceased came out of the vacant lot and either ran or walked across the sidewalk into the street and in front of the automobile in a southwesterly direction, so that the lights on the automobile were plainly visible to him if he had been looking in the direction he was going and exercising ordinary care for his own safety in the street at a point where there was no crossing for pedestrians, and nothing to obstruct his view or prevent him from seeing the automobile. In our opinion, the facts and circumstances shown by the testimony of these witnesses overcome the presumption or inference arising from the proof offered on behalf of the plaintiff that the deceased was in the exercise of ordinary care just before and at the time of the accident. We think the evidence tends to show that the deceased was not looking in the direction in which he was going, or, if he was looking, he attempted to cross in front of appellant's automobile, which was approaching in plain view.

Inasmuch as we have reached the conclusion that there must be another trial of the case for the reason given above, we do not deem it necessary to comment upon the evidence bearing upon the negligence of the defendant. Nor is it necessary to pass upon the rulings of court in permitting counsel for appellee in his closing argument to make the statements shown by the record.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*